# Exhibit A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Aaron Scherer,

              Plaintiffs,

vs.

Sezzle Inc.,

              Defendant.

Case No.: _____
Case Type: Employment

**SUMMONS**

THIS SUMMONS IS DIRECTED TO:   Sezzle, Inc.
c/o Barbara D'Aquila
Fisher & Phillips LLP
225 South 6th Street, Suite 3900
Minneapolis, MN 55402
bdaquila@fisherphillips.com

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Brian T. Rochel
Kitzer Rochel, PLLP
225 South Sixth Street, Suite 1775
Minneapolis, Minnesota 55402

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 22, 2025

**KITZER ROCHEL, PLLP**

_/s/ Brian T. Rochel_
Brian T. Rochel, MN No. 391497
Phillip M. Kitzer, MN No. 390441
Frances E. Baillon, MN No. 28435X
225 South Sixth Street, Suite 1775
Minneapolis, MN 55402
Tel. 612-767-0520
Fax 612-444-8890
rochel@kitzerrochel.com
kitzer@kitzerrochel.com
baillon@kitzerrochel.com

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Aaron Scherer,<br>　　　　Plaintiff, | Case No.: _____<br>Judge: _____ |
| v. | |
| Sezzle Inc.,<br>　　　　Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Aaron Scherer ("Plaintiff" or "Mr. Scherer"), for his Complaint against Sezzle Inc. ("Sezzle" or "Defendant"), states and alleges as follows:

## NATURE OF CLAIM

1. Plaintiff informed Defendant that he and his wife were expecting their first child. Shortly after Plaintiff formally requested parental leave, Defendant retaliated against him by terminating him.

2. Plaintiff brings this action to remedy discrimination and retaliation for requesting parental leave in violation of the Minnesota Pregnancy and Parenting Leave Act (MPPLA), discrimination based on familial status and marital status in violation of the Minnesota Human Rights Act (MHRA), and violation of the Family and Medical Leave Act (FMLA).

## PARTIES, JURISDICTION & VENUE

3. Plaintiff is a citizen and resident of Minnesota.

4. Defendant is a public, for-profit corporation with its principal place of business in the State of Minnesota. Defendant is headquartered in Hennepin County.

5. At all relevant times, Plaintiff and Defendant were "employee" or "eligible employee" and "employer," respectively, as those terms are defined in Minn. Stat. § 181.940, Minn. Stat. § 363A.03, and 29 U.S.C. § 2611.

6. This Court has jurisdiction over the parties because Plaintiff is a resident of Minnesota and Defendant's principal place of business is in the State of Minnesota.

7. This Court has jurisdiction to hear this dispute because it involves violations of Minnesota law.

8. Venue is proper in this Court because Defendant resides in Hennepin County, Minnesota.

## FACTS

9. Defendant hired Plaintiff in October 2023 as a Principal Software Engineer. In this role, Plaintiff was responsible for fostering team collaboration and mentoring lower-level Software Engineers.

10. In September 2024, Plaintiff informed his supervisor, Chad Smith, that his wife was pregnant, and he planned to seek parental leave relating to the birth of their child in 2025.

11. Shortly after this conversation, Plaintiff also informed Defendant's human resources department that he intended to seek parenting leave. He was told he would be given paperwork to fill out closer to the child's due date.

12. Following this discussion, Mr. Smith's attitude toward Plaintiff became negative and critical and he became more distant.

13. For instance, when Plaintiff informed Mr. Smith of the baby's sex, or mentioned attending doctor appointments, Mr. Smith was not enthusiastic or supportive. In contrast, Plaintiff's coworkers were.

14. In January 2025, Plaintiff started the formal process to request up to 12 weeks of parental leave.

15. On January 28, before Plaintiff could begin his parental leave and shortly before his first annual performance review, Defendant terminated him.

16. Mr. Smith met with Plaintiff for a routine weekly meeting, and told him that his employment was terminated immediately. There was a human resources representative in the meeting as well.

17. Defendant's human resources department and Mr. Smith knew that Plaintiff intended to begin parenting leave in or around April 2025.

18. Defendant cited performance issues as the reason for its termination of Plaintiff.

19. Defendant never warned Plaintiff about any performance issues.

3

20. Defendant's decision to terminate Plaintiff's employment was motivated by Plaintiff's legally protected exercise of rights under MPPLA and FMLA.

21. Defendant's decision to terminate Plaintiff's employment was motivated by Plaintiff's familial status.

22. Defendant's decision to terminate Plaintiff's employment was motivated by Plaintiff's marital status.

23. Defendant's articulated reason for terminating Plaintiff's employment is pretextual.

24. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, dignitary harm, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, and lost wages and benefits; has incurred attorneys' fees, costs and expenses; and has suffered other serious damages.

## COUNT 1
## RETALIATION
## IN VIOLATION OF THE MPPLA

Plaintiff realleges each and every paragraph of this Complaint.

25. Defendant unlawfully retaliated against Plaintiff in violation of the Minnesota Pregnancy and Parenting Leave Act (MPPLA), Minn. Stat. §§ 181.940, *et seq.*

26. The MPPLA prohibits, among other things, retaliation against an employee for requesting or obtaining parental leave. Minn. Stat. § 181.941, Subd. 3.

27. Plaintiff began the formal process to request parental leave in January 2025.

4

28. Defendant retaliated against Plaintiff because of his request for parental leave by terminating his employment.

29. Defendant's actions were intentional and were performed with malice and/or reckless indifference to Plaintiff's rights.

30. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, dignitary harm, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, and lost wages and benefits; has incurred attorneys' fees, costs and expenses; and has suffered other serious damages.

## COUNT 2
## FAMILIAL STATUS DISCRIMINATION
## IN VIOLATION OF THE MHRA

Plaintiff realleges each and every paragraph of this Complaint.

31. Defendant unlawfully discriminated against Plaintiff because of his familial status, in violation of the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.08, Subd. 2.

32. The MHRA prohibits, among other things, discharging or otherwise discriminating against an employee because of their familial status.

33. Protections based on familial status extend to a person who is pregnant or in the process of having a child. Minn. Stat. § 363A.03, Subd. 18.

34. Defendant took adverse action against Plaintiff because of his familial status by terminating his employment.

35. Defendant failed to take all reasonable steps to prevent discrimination from occurring.

36. Defendant's actions were intentional and performed with malice and/or reckless indifference to Plaintiff's rights.

37. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, dignitary harm, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, and lost wages and benefits; has incurred attorneys' fees, costs and expenses; and has suffered other serious damages.

## COUNT 3
## MARITAL STATUS DISCRIMINATION
## IN VIOLATION OF THE MHRA

Plaintiff realleges each and every paragraph of this Complaint.

38. Defendant unlawfully discriminated against Plaintiff because of his marital status, in violation of the MHRA, Minn. Stat. § 363A.08, Subd. 2.

39. The MHRA prohibits, among other things, discharging or otherwise discriminating against an employee because of their marital status.

40. Marital status "includes protection against discrimination on the basis of the identity, situation, actions, or beliefs of a spouse or former spouse." Minn. Stat. § 363A.03, Subd. 24.

41. Defendant discriminated against Plaintiff because of his wife's "situation," namely, being pregnant with his child.

6

42. Defendant took adverse action against Plaintiff because of his marital status by terminating his employment.

43. Defendant failed to take all reasonable steps to prevent discrimination from occurring.

44. Defendant's actions were intentional and performed with malice and/or reckless indifference to Plaintiff's rights.

45. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, dignitary harm, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, and lost wages and benefits; has incurred attorneys' fees, costs and expenses; and has suffered other serious damages.

## COUNT 4
## INTERFERENCE
## IN VIOLATION OF THE FMLA

Plaintiff realleges each and every paragraph of this Complaint.

46. Defendant unlawfully interfered with Plaintiff's right to parental leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611, *et seq*.

47. The FMLA prohibits an employer from interfering with an employee's exercise or attempt to exercise their right to parental leave.

48. Plaintiff had a right to parental leave to care for his child.

49. Plaintiff attempted to exercise this right when he notified Defendant of his intent to seek leave in September 2024.

50. Plaintiff attempted to exercise this right when he began the formal process to seek leave in January 2025.

51. Defendant was aware that Plaintiff had requested a parenting leave that would likely begin in or around April 2025.

52. Defendant interfered with Plaintiff's right to leave by terminating his employment before he could begin his parenting leave.

53. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, dignitary harm, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, and lost wages and benefits; has incurred attorneys' fees, costs and expenses; and has suffered other serious damages.

## COUNT 5
## DISCRIMINATION
## IN VIOLATION OF THE FMLA

Plaintiff realleges each and every paragraph of this Complaint.

54. Defendant unlawfully discriminated against Plaintiff for exercising rights under the FMLA, 29 U.S.C. § 2611, *et seq.*

55. The FMLA prohibits an employer from discriminating against an employee for exercising or attempting to exercise a right to parental leave.

56. Plaintiff exercised or attempted to exercise a right a right to parental leave to care for his child.

57. Plaintiff attempted to exercise this right when he notified Defendant of his intent to seek leave in September 2024.

58. Plaintiff attempted to exercise this right when he began the formal process to seek leave in January 2025.

59. Defendant was aware that Plaintiff had requested a parenting leave that would likely begin in or around April 2025.

60. Defendant took adverse action against Plaintiff because he exercised or attempted to exercise a right a right to parental leave to care for his child.

61. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, mental anguish, humiliation, dignitary harm, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, and lost wages and benefits; has incurred attorneys' fees, costs and expenses; and has suffered other serious damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of the Defendant complained of herein be adjudged, decreed and declared to be in violation of the rights secured to Plaintiff under applicable state and federal laws.

b. That a permanent prohibitory injunction be issued requiring Defendant to adopt employment practices in conformity with the requirements of Minnesota and federal laws.

c. That Defendant be required to make Plaintiff whole for its adverse, discriminatory, retaliatory, and unlawful actions through restitution in the form of back

pay, with interest of an appropriate inflation factor.

  d.  That Plaintiff be reinstated to his job.

  e.  That Plaintiff be awarded front pay and the monetary value of any benefits he would have been entitled to as an employee of Defendant.

  f.  That Plaintiff be awarded compensatory damages, including but not limited to, loss of past and future income, emotional distress, mental anguish, dignitary harm, loss of reputation, and related damages, in an amount greater than $50,000.00, to be determined at trial.

  g.  That Plaintiff be awarded treble damages pursuant to the MHRA.

  h.  That Plaintiff be awarded punitive damages pursuant to the MHRA.

  i.  That the Court award Plaintiff's attorneys' fees, legal costs, expenses and disbursements pursuant to state law.

  j.  That the Court award Plaintiff pre-judgment interest.

  k.  That the Court award Plaintiff post-judgment interest.

  l.  That the Court grant such other and further relief as it deems fair and equitable.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

## ACKNOWLEDGEMENT

The undersigned acknowledges that, pursuant to Minn. Stat. § 549.211, subd. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the

other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Dated: May 22, 2025

KITZER ROCHEL, PLLP

/s/ Brian T. Rochel

Brian T. Rochel, MN No. 391497
Phillip M. Kitzer, MN No. 390441
Frances E. Baillon, MN No. 28435X
225 South Sixth Street, Suite 1775
Minneapolis, MN 55402
Tel. 612-767-0520
Fax 612-444-8890
rochel@kitzerrochel.com
kitzer@kitzerrochel.com
baillon@kitzerrochel.com

**ATTORNEYS FOR PLAINTIFF**

11