IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Scherer, | ) |
| | ) Case No: 0:25-cv-2447 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Sezzle Inc., | ) |
| | ) |
| Defendant. | ) |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SEZZLE INC. TO PLAINTIFF'S COMPLAINT

Defendant, Sezzle Inc. ("Defendant"), by and through its undersigned counsel, denies each and every allegation as set forth in the Complaint except to the extent admitted and/or qualified as specifically below and hereby answers the Complaint of Plaintiff Aaron Scherer ("Plaintiff"), and in support thereof, states the following:

### NATURE OF CLAIM[1]

1. The allegations in paragraph 1 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that, at some point in time, Plaintiff informed one of Defendant's employees that he was expecting a child. It is further admitted that Plaintiff's employment was terminated at some point in time. The remaining allegations in paragraph 1 of Plaintiff's Complaint, including the alleged retaliation, are denied.

2. The allegations in paragraph 2 of Plaintiff's Complaint state the alleged legal bases for Plaintiff's Claims against Defendant, and, therefore, no responsive pleading is

---

[1] Defendant utilizes the headings as set forth in Plaintiff's Complaint for organizational purposes only.

required. To the extent a response is required, Defendant denies that these claims are actionable based on the facts and the law.

## PARTIES, JURISDICTION & VENUE

3. The allegations in paragraph 3 of Plaintiff's Complaint are admitted upon information and belief.

4. The allegations in paragraph 4 of Plaintiff's Complaint are admitted.

5. The allegations in paragraph 5 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 5 of Plaintiff's Complaint are deemed factual, Defendant states that it does not know what Plaintiff means by "at all relevant times" and therefore, Defendant denies the allegations.

6. The allegations in paragraph 6 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 6 of Plaintiff's Complaint are deemed factual, the allegations refer to the state court and therefore, in light of the removal, the allegations are denied as moot.

7. The allegations in paragraph 7 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 7 of Plaintiff's Complaint are deemed factual, the allegations refer to the state court and therefore, in light of the removal, the allegations are denied as moot.

8. The allegations in paragraph 8 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 7 of Plaintiff's Complaint are deemed factual, the allegations refer to

the state court and therefore, in light of the removal, the allegations are denied as moot.

# FACTS

9. The allegations in paragraph 9 of Plaintiff's Complaint are admitted in part and denied in part. Further, the allegations do not present the total picture in context. It is admitted only that Plaintiff was hired in or around October 2023 as a Principal Software Engineer. It is denied, as stated, that Plaintiff's responsibilities were to foster team collaboration and mentoring to lower-level Software Engineers. Plaintiff had numerous other job duties and responsibilities.

10. The allegations in paragraph 10 of Plaintiff's Complaint are denied.

11. The allegations in paragraph 11 of Plaintiff's Complaint are denied as stated.

12. The allegations in paragraph 12 of Plaintiff's Complaint are denied.

13. The allegations in paragraph 13 of Plaintiff's Complaint are denied.

14. The allegations in paragraph 14 of Plaintiff's Complaint are denied as stated.

15. The allegations in paragraph 15 of Plaintiff's Complaint are denied as stated.

16. The allegations in paragraph 16 of Plaintiff's Complaint are denied as stated. By way of further answer, Mr. Smith and Human Resources met with Plaintiff for the purpose of communicating the termination of Plaintiff's employment.

17. The allegations in paragraph 17 of Plaintiff's Complaint are denied as stated.

18. The allegations in paragraph 18 of Plaintiff's Complaint are denied as stated. By way of further answer, Plaintiff's employment was terminated for legitimate business reasons including performance.

19. The allegations in paragraph 19 of Plaintiff's Complaint are denied. By way

of further answer, as admitted by Plaintiff, Mr. Smith conducted "routine weekly meetings" in which a review of Plaintiff's performance, job duties, and job issues was the purpose of those "routine weekly meetings."

20. The allegations in paragraph 20 of Plaintiff's Complaint are denied.

21. The allegations in paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations in paragraph 22 of Plaintiff's Complaint are denied.

23. The allegations in paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations in paragraph 24 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 24 of Plaintiff's Complaint are deemed factual, they are denied.

## COUNT 1
## RETALIATION
## IN VIOLATION OF THE MPPLA

The foregoing paragraphs of this pleading are incorporated herein by reference as though fully set forth at length herein.

25. The allegations in paragraph 25 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 25 of Plaintiff's Complaint are deemed factual, they are denied.

26. The allegations in paragraph 26 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 26 of Plaintiff's Complaint are deemed factual as it relates to Plaintiff, they are denied.

27. The allegations in paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations in paragraph 28 of Plaintiff' Complaint are denied.

29. The allegations in paragraph 29 of Plaintiff's Complaint are denied.

30. The allegations in paragraph 30 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 30 of Plaintiff's Complaint are deemed factual, they are denied.

## COUNT 2
## FAMILIAL STATUS DISCRIMINATION
## IN VIOLATION OF THE MHRA

The foregoing paragraphs of this pleading are incorporated herein by reference as though fully set forth at length herein.

31. The allegations in paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations in paragraph 32 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 32 of Plaintiff's Complaint are deemed factual as it relates to Plaintiff, they are denied.

33. The allegations in paragraph 33 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 33 of Plaintiff's Complaint are deemed factual as it relates to Plaintiff, they are denied.

34. The allegations in paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations in paragraph 35 of Plaintiff's Complaint are denied.

36. The allegations in paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations in paragraph 37 of Plaintiff's Complaint constitute

conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 37 of Plaintiff's Complaint are deemed factual, they are denied.

## COUNT 3
## MARITAL STATUS DISCRIMINATION
## IN VIOLATION OF THE MHRA

The foregoing paragraphs of this pleading are incorporated herein by reference as though fully set forth at length herein.

38. The allegations in paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations in paragraph 39 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 39 of Plaintiff's Complaint are deemed factual as it relates to Plaintiff, they are denied.

40. The allegations in paragraph 40 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 40 of Plaintiff's Complaint are deemed factual as it relates to Plaintiff, they are denied.

41. The allegations in paragraph 41 of Plaintiff's Complaint are denied.

42. The allegations in paragraph 42 of Plaintiff's Complaint are denied.

43. The allegations in paragraph 43 of Plaintiff's Complaint are denied.

44. The allegations in paragraph 44 of Plaintiff's Complaint are denied.

45. The allegations in paragraph 45 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 45 of Plaintiff's Complaint are deemed factual, they are denied.

# COUNT 4
# INTERFERENCE
# IN VIOLATION OF THE FMLA

The foregoing paragraphs of this pleading are incorporated herein by reference as though fully set forth at length herein.

46. The allegations in paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations in paragraph 47 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 47 of Plaintiff's Complaint are deemed factual as it relates to Plaintiff, they are denied.

48. The allegations in paragraph 48 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 48 of Plaintiff's Complaint are deemed factual, they are denied.

49. The allegations in paragraph 49 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 49 of Plaintiff's Complaint are deemed factual, they are denied.

50. The allegations in paragraph 50 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 50 of Plaintiff's Complaint are deemed factual, they are denied.

51. The allegations in paragraph 51 of Plaintiff's Complaint are denied as stated.

52. The allegations in paragraph 52 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 52 of Plaintiff's Complaint are deemed factual, they are denied.

53. The allegations in paragraph 53 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 53 of Plaintiff's Complaint are deemed factual, they are denied.

## COUNT 5
### DISCRIMINATION
### IN VIOLATION OF THE FMLA

The foregoing paragraphs of this pleading are incorporated herein by reference as though fully set forth at length herein.

54. The allegations in paragraph 46 of Plaintiff's Complaint are denied.

55. The allegations in paragraph 55 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 55 of Plaintiff's Complaint are deemed factual as it relates to Plaintiff, they are denied.

56. The allegations in paragraph 56 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 56 of Plaintiff's Complaint are deemed factual, they are denied.

57. The allegations in paragraph 57 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 57 of Plaintiff's Complaint are deemed factual, they are denied.

58. The allegations in paragraph 58 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 58 of Plaintiff's Complaint are deemed factual, they are denied.

59. The allegations in paragraph 59 of Plaintiff's Complaint are denied as stated.

60. The allegations in paragraph 60 of Plaintiff' Complaint are denied.

61. The allegations in paragraph 61 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of paragraph 61 of Plaintiff's Complaint are deemed factual, they are denied.

## PRAYER FOR RELIEF

As it relates to Plaintiff's Prayer for Relief in Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief sought in the Prayer for Relief and any subparts to the Prayer for Relief, and Defendant further states that Defendant is entitled to judgment in its favor on all counts.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

As it relates to Plaintiff's Plaintiff Demand for Trial by Jury on all Counts, this section constitutes a stated claim that forms a basis for conclusion of law to which no responsive pleading is required.

## ACKNOWLEDGMENT

As it relates to Plaintiff's claims under Minn. Stat. § 549.211, subd. 2, such claims are premature and further they constitute conclusions of law to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are not actionable because all decisions were justified by legitimate, non-discriminatory, and non-pretextual business reasons.

## THIRD DEFENSE

Defendant acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action. Defendant has acted in good faith and have not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the right of Plaintiff, and, thus, Plaintiff is not entitled to any relief including but not limited to punitive damages on the law or the facts.

## FOURTH DEFENSE

Plaintiff's alleged damages are too speculative to form a basis for recovery.

## FIFTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent that he has failed to mitigate any of his alleged damages.

## SIXTH DEFENSE

Plaintiff is not entitled to all or some of the damages sought in Plaintiff's Complaint.

## SEVENTH DEFENSE

Plaintiff's claims are barred because of Defendant's good faith efforts to comply with the applicable law.

**EIGHTH DEFENSE**

Defendant has not discriminated, harassed, and/or retaliated against Plaintiff in violation of any law. Further, Plaintiff did not follow the law such that he is entitled to maintain his claims in whole or in part. No reasonable person would, should, or could believe that Defendant's alleged conduct toward Plaintiff was severe, pervasive, or outrageous enough to cause emotional distress.

**NINTH DEFENSE**

Defendant maintains and enforces policies that prohibit unlawful discrimination, harassment, and retaliation and provides a mechanism by which individuals may seek redress where unlawful discrimination, harassment, or retaliation is alleged. Defendant exercises reasonable care to prevent and correct promptly any harassing, hostile, or discriminatory behavior.

**TENTH DEFENSE**

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. Plaintiff's claims are barred, in whole or in part, due to his failure to exhaust his administrative remedies.

**ELEVENTH DEFENSE**

To the extent Plaintiff has failed to comply with any applicable statute of limitations, his claims are barred. Plaintiff's claims are barred by the doctrine of estoppel.

**TWELFTH DEFENSE**

Plaintiff's claims fail, in whole or in part, because of his own misconduct or culpable conduct. Further, Plaintiff's claims are barred, in whole or in part, because Plaintiff did not

make any alleged report as defined by law; additionally, Plaintiff did not act in good faith and did not make any alleged reports in good faith.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant's acts/omissions were done in good faith and because Defendant had reasonable grounds for believing that any act or omission was not in violation of applicable law.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred and/or potential damages should be reduced, in whole or in part, pursuant to the after-acquired evidence doctrine to the extent such evidence demonstrates Plaintiff would have been terminated for legitimate, non-retaliatory reasons.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## RESERVATION OF RIGHT

Defendant reserves the right to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon Defendant's further undertaking of discovery and investigation of this matter.

**WHEREFORE,** Defendant demands judgment in its favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant costs and attorneys' fees and any further relief deemed appropriate by the Court.

Respectfully submitted,

Fisher & Phillips, LLP

Date: June 12, 2025   By:   */s/Barbara Jean D'Aquila*
Barbara Jean D'Aquila (MN Bar No. 2112X)
Karen L. Odash (MN Bar No. 0402916)
225 South Sixth Street, Suite 3900
Minneapolis, MN 55402
T: 612-216-2743
bdaquila@fisherphillips.com
kodash@fisherphillips.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Barbara Jean D'Aquila, certify that, on the 12th day of June, 2025, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant to Plaintiff's Complaint with the Clerk of Court for the United States District Court for the District of Minnesota using the Court's ECF system, which will serve a copy of such filing on the following:

> Brian T. Rochel
> Phillip M. Kitzer
> Frances E. Baillon
> Kitzer Rochel, PLLP
> 225 South Sixth Street, Suite 1775
> Minneapolis, MN 55402
>
> *Attorneys for Plaintiff*

> */s/Barbara Jean D'Aquila*
> Barbara Jean D'Aquila